*767 OPINION.
Smith:
The petitioner’s books of account were kept and its income-tax returns for 1924, 1925, and 1926 were made upon the accrual basis. Likewise, its books of account and returns for prior years from 1919 to 1925 were made upon the same basis. The petitioner contends in these proceedings that the Board’s decision in Charles Weisbecker, Inc., 3 B. T. A. 269, was in error and at the *768 hearing of these proceedings it made a motion that the Board reconsider its decision in the above entitled case and permit the deduction of $15,000 rental accrued for each of the years 1919 and 1920. The motion was taken under advisement.
Under the Revenue Act of 1924, the Board had no authority to grant a refund. Everett Knitting Works, 1 B. T. A. 5. The deficiencies involved for the years 1919 and 1920 have been paid. Under the Revenue Acts of 1926 and 1928 the Board has no jurisdiction to determine the amount of overpayments, if any, where the respondent has not determined a deficiency. It is otherwise where the Commissioner has determined a deficiency. Peerless Woolen Mills, 13 B. T. A. 1119. The Board has no jurisdiction to order the respondent to make any refunds to this petitioner for the years 1919 and 1920. The motion for a reconsideration of the decision made with respect to the years 1919 and 1920 is denied.
The petitioner was on the accrual basis for the years 1924, 1925, and 1926. Upon such basis it is permitted to deduct only amounts properly accruing in those years. If the petitioner owed a certain amount of rental for the use of the premises for the years 1919 and 1920 and paid those amounts in 1924, 1925, and 1926, they were clearly not accruals of 1924, 1925, and 1926. Bernuth Lembcke Co., 1 B. T. A. 1051. The claim of the petitioner to deduct these amounts as accruals for those years must be denied. The determination of the deficiencies made for the years 1924, 1925, and 1926 is sustained.
Reviewed by the Board.

Judgment will be entered for the respondent.